IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scott Romeo | : |
|    Plaintiff | : |
| v. | : (Case No. 3:15-CV-2136) |
| Simm Associates, Inc. | : (Judge Richard P. Conaboy) |
|    Defendants. | : |

Memorandum

We consider here a Motion for Attorneys' Fees filed by counsel to Plaintiff Scott Romeo.  Mr. Romeo was awarded $1,001.00 in statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  (The "FDCPA").

Mr. Romeo's award, which reflected no actual damages, was paid by Defendant Simm Associates incident to an Offer of Judgment negotiated for Mr. Romeo by his counsel, Carlo Sabatini.

Attorney Sabatini initially sought an award of fees and costs in the amount of $14,121.05.  (Doc. 18, ¶ 3).  The motion was supported by various exhibits including correspondence between Attorney Sabatini and defense counsel and numerous affidavits supporting the time Attorney Sabatini had expended in this case and the reasonableness of his hourly rate.  Defense counsel opposed this motion and filed a Brief (Doc. 23) detailing its reasons for asserting its position that the fee request was unreasonably

1

inflated. Attorney Sabatini filed a Reply Brief (Doc. 26) to respond to the arguments raised by defense counsel. Attorney Sabatini seeks an additional $5,000.00 in recognition of the legal work performed in crafting his reply brief. Thus, the total fees and costs sought by Attorney Sabatini now amount to $19,121.05. (Doc. 26 at 32).

Defense counsel's objections to the amount requested by Attorney Sabatini include: (1) that Attorney Sabatini's hourly rate is unjustified; (2) that an award of attorneys' fees is not required in this case; and (3) that all fees for time extended after Defendant's November 10, 2015 Offer of Judgment are uncompensable. We shall consider these arguments in turn.

**I. Whether Attorney Sabatini's Hourly Rate is Excessive and, Hence, Unjustified?**

Defendant contends that Attorney Sabatini's increase in his hourly rate from $350.00 to $375.00 per hour and commensurate increases of his associate's hourly rates effective January 1, 2016 are unjustifiable. Defendant contends that because its attorneys billed their time at $315.00 per hour in this case that the Court is thus bound to limit Plaintiff's counsel's hourly rate to that charge by defense counsel under the rationale expressed in Diaz v. Saucon Valley Manor, 2013 WL 6409450, (E.D.Pa. 2013). The Court must observe that, having read Diaz carefully, Diaz does not stand for the proposition defense counsel advances. In Diaz, the Court

specifically found that attorneys' fees are based on "prevailing market rates" rather than the billing rates of opposing counsel.[1] Thus, Diaz is actually more supportive of Attorney Sabatini's position than that of defense counsel.

With respect to the question whether Attorney Sabatini's fees are consistent with prevailing market rates, the Court is hardly surprised at attorney's fees calculated at $375.00 per hour for an attorney with 16 years experience who specializes in consumer protection law.  See Sabatini Affidavit (Doc. 18-5, ¶ 6-13). Indeed, the Sabatini Affidavit has been corroborated by supporting Affidavits from six other attorneys who affirm that the hourly rate charged by Attorney Sabatini and those charges by his associates are consistent with prevailing market rates for attorneys with similar experience and expertise in this market (the Middle and Eastern Districts of Pennsylvania).  See Valenti v. Allstate Insurance Company, 243 F.Supp. 2nd. 200, 207 (M.D. Pa. 2003). Accordingly, this Court finds that Attorney Sabatini's billing rate and those of his associates are consistent with the prevailing market rates in the relevant legal community and, thus, will be approved.

## II.  Whether an Award of Attorneys' Fees is Required in this Case?

This case arises under the Fair Debt Collection Practices Act.

---

[1] While Diaz was a case concerning the fees owed to a Plaintiff's attorney in a case involving the Family Medical Leave Act, the principle espoused in Diaz applies equally to FDCPA cases.

Congress stated that the Act's purpose was:

> ...to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1699(e). There can be no doubt that Defendant committed one of the abusive practices proscribed by the Act inasmuch as Defendant has so acknowledged by his Offer of Judgment.[2]

The clear weight of authority holds that "[A]ttorneys' fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. Indeed, several courts have required an award of attorneys' fees even where violations were so minimal that statutory damages were not

---

[2] Also, the same abusive practice that Defendant employed in this case has been found to violate the Act (see Styer v. Professional Medical Mgt., Inc., 114 F. Supp. 3d. 234, 241-43 (M.D. Pa. 2015)), and, indeed, runs contrary to "a core concern animating the FDCPA, the invasion of privacy." Douglass v. Convergent Outsourcing, 765 F.3d, 299, 303 (3d. Cir. 2014).

warranted." (Citations omitted)(Graziano v. Harrison, 950 F.2d 107, 113 (3d. Cir. 1991). Despite these authorities, Defendant argues that in extraordinary circumstances, such as where Plaintiff's counsel exhibits "bad faith" conduct, attorneys' fees need not be awarded. (Doc. 23 at 8). Defendant intimates that, because Plaintiff's counsel did not accept its initial Offer of Judgment and instead demanded "hyper-technical changes" to that document, Plaintiff's counsel was exhibiting a type of "bad faith" conduct by "churning fees for his own benefit" and "unreasonably prolonged the litigation". (Id. at 9).

Defendant has not, however, provided the Court with any explication as to what "hyper-technical changes" to its first Offer of Judgement were sought by Plaintiff's attorney. Thus, the Court has no basis to conclude that Plaintiff's counsel was "churning this file".[3] Also, with respect to the allegation that Plaintiff's attorney "unreasonably prolonged the litigation", the Court must observe that Plaintiff's attorney offered to settle this case for $3,850.00 by letter of October 8, 2015. (Doc. 18-2). Defendant responded with a "take it or leave it" offer of $2,800.00 on December 22, 2015. (Doc. 18-4). Thus, Defendant's decision to litigate the appropriateness of the fees sought by Plaintiff's counsel is at least partially, if not primarily, responsible for

---

[3] It should also be noted that Plaintiff's counsel has provided a perfectly plausible reason why earlier renditions of Defendant's Offer of Judgment were unacceptable. (Doc. 26 at 3-5).

5

the prolonging of this litigation.

Defendant cannot now be heard to complain that Plaintiff's attorney's fees are greatly increased since its decision to litigate has made necessary Plaintiff's counsel's participation in a mediation before Magistrate Judge Saporito on January 11, 2016; his filing of a Motion for Attorneys' Fees and Supporting Brief (Docs. 18 and 19); and his development of a Reply Brief (Doc. 26) to respond to arguments raised in Defense Counsel's Brief in Opposition to Motion for Attorneys' Fees (Doc. 23). These activities by Plaintiff's counsel were necessary steps to perfect his fee application and inevitably increased the amount owed him for vindicating his client's rights here. That the fees sought here are disproportionate to the amount of the client's recovery is of no relevance. "The whole purpose of fee-shifting statutes [such as the FDCPA] is to generate attorneys' fees that are <u>disproportionate</u> to the Plaintiff's recovery." (emphasis in original) Millea v. Metro-N.R.Co., 658 F.3d 154, 169 (2d. Cir. 2011). This availability of a lodestar fee[4] ensures that "claims of modest cash value can attract competent counsel." Millea, supra, at 169. The Court concludes that Defendant has provided no basis to conclude that this case is one characterized by an extraordinary situation where no fee should be awarded.

---

[4] The "lodestar" is "the product of reasonable hours times a reasonable rate". Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air, 478 U.S. 546, 565 (1986).

III. **Whether All Fees for Time Expended After November 10, 2015 are Unreasonable, Excessive, and Uncompensable?**

Defendant asserts that all time expended by Plaintiff's counsel after Defendant made its first Offer of Judgement in this matter on November 10, 2015 was unreasonable, excessive, and uncompensable. (Doc. 23 at 9-10). Defendant cites Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d. Cir. 1990), for the general proposition that the Court should examine whether Plaintiff's counsel has spent an inordinate amount of time on this case as compared to other attorneys litigating similar files. This is undeniably so and the Court intends to do that.

More specifically, Defendant cites Baker Botts, LLP et al v. Asarco LLC, 135 S.Ct. 2158, 2165 (2015) for the proposition that, in the context of a bankruptcy case, "reasonable compensation for services rendered" is confined to disinterested service in the client's interest. This is both true and irrelevant. This is not a bankruptcy case and the Court finds that the principle articulated in Baker Botts, supra, is confined to cases decided under the Bankruptcy Code. Moreover, to do as Defendant suggests would place Plaintiff's attorneys in FDCPA cases in a situation where their fees would be limited to the value of services rendered until such time as some arbitrary "Offer of Judgement" is made which may, or may not, fully account for both the statutory damages owed to the litigant and the reasonable value of the attorney's

7

services. This would frustrate the will of Congress that reasonable attorney's fees be available to ensure that competent counsel are willing to champion the cause of debtors who are not owed large sums under the Act. See Graziano and Millea, supra. Thus, while Defendant may certainly litigate the question of the fair value of Plaintiff's counsel's legal services in an FDCPA case, Defendant cannot reasonably expect that time and energy expended by Plaintiff's counsel in vindicating his right to a reasonable fee would go uncompensated. Indeed, Defendant's brief raised issues to which Plaintiff's counsel logically responded in his reply brief, a document that required considerable research and significantly increased the amount of the fees Plaintiff's counsel seeks.

With respect to the reasonableness of the fees sought here by Plaintiff's counsel, the Court has already found (page 3 ante) that the rates charged by Plaintiff's counsel and his employees are unremarkable in the relevant legal community. The Court now finds that the amount of time expended by Plaintiff's counsel's firm in generating their client's recovery and vindicating their right to the fees sought in this case is consistent with the cases Plaintiff's counsel has cited (see Doc. 26 at 28-30), proportionate to the tenacity with which Defendant litigated this matter, and reasonable under the circumstances.

IV. Conclusion.

For the reasons stated above, Plaintiff's counsel's Motion for Attorney's Fees and Costs (Doc. 18), as amplified by additional time expended in the formulation of his Reply Brief (Doc. 26), will be granted. An Order consistent with this determination will be filed contemporaneously.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated: 3-16-16

FILED
SCRANTON

MAR 1 6 2016

PER _____
DEPUTY CLERK

9